1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   DAMIAN D. SMITH,

11                        Plaintiff,

12          v.

13   CAROLYN COLVIN, Acting
     Commissioner of Social Security,

14

                         Defendant.

15

CASE NO. 3:14-CV-05581 RBL-DWC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: May 15, 2015

16          The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United

17   States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of

18   Defendant's denial of Plaintiff's application for supplemental security income ("SSI") benefits.

19          After considering and reviewing the record, the Court concludes the ALJ incorrectly

20   determined the opinion of examining psychiatrist Dr. Jennifer Irwin, M.D. was based solely on

21   Plaintiff's self-reports. In addition to Plaintiff's self-reports, Dr. Irwin's opinion was based on

22   objective medical evidence, Plaintiff's diagnosed impairments, Dr. Irwin's personal

23   observations, and a portion of the record. Further, the ALJ provided only a conclusory statement

24

1   to support finding Dr. Irwin's opinion is not supported by the medical record. The Court also

2   concludes the ALJ's reasons for giving "no weight" to the opinion of treating physician Dr.

3   Vincent Phillips, M.D. are not specific and legitimate and supported by substantial evidence.

4           Had the ALJ fully credited the opinions of Drs. Irwin and Phillips, the residual functional

5   capacity may have included additional limitations. The ALJ's error is therefore not harmless, and

6   this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to

7   the Acting Commissioner for further proceedings consistent with this Report and

8   Recommendation.

9                           FACTUAL AND PROCEDURAL HISTORY

10          On March 18, 2011, Plaintiff filed an application for SSI benefits, alleging disability as of

11  August 21, 2006. *See* Dkt. 13, Administrative Record ("AR") 33. The application was denied

12  upon initial administrative review and on reconsideration. *See id.* A hearing was held before

13  Administrative Law Judge Mattie Harvin-Woode ("ALJ") on November 13, 2012. *See* AR 61-

14  119. In a decision dated January 30, 2013, the ALJ determined Plaintiff to be not disabled. *See*

15  AR 33-47. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

16  Council, making the ALJ's decision the final decision of the Commissioner of Social Security

17  ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

18          In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by:  (1) providing legally

19  insufficient reasons for discrediting medical opinion evidence; (2) providing legally insufficient

20  reasons for discrediting Plaintiff's subjective complaints; and (3) relying on improper evidence at

21  Step Five of the sequential evaluation process. Dkt. 20.

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

1    STANDARD OF REVIEW

2    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3    social security benefits if the ALJ's findings are based on legal error or not supported by

4    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5    Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6    DISCUSSION

7    **(1)  Whether the ALJ provided legally sufficient reasons for discrediting medical
     opinion evidence.**

8

     a.    Dr. Jennifer Irwin, M.D.

9

     Plaintiff contends the ALJ erred in her assessment of the medical opinion evidence of

10

     examining psychiatrist Dr. Jennifer Irwin, M.D. *See* Dkt. 20, pp. 9-11. Specifically, Plaintiff

11

     maintains Dr. Irwin's findings were based on more than Plaintiff's self-reported symptoms, and

12

     therefore the ALJ erred when she gave no weight to Dr. Irwin's opinion for this reason. *Id.*

13

     The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

14

     opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

15

     1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

16

     502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

17

     opinion can be rejected "for specific and legitimate reasons that are supported by substantial

18

     evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

19

     1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

20

     accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

21

     clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

22

     F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

23

24

1    Dr. Irwin submitted a report on June 22, 2011. AR 507-11. The report was based on

2 information obtained from a clinical interview with a mental status examination ("MSE") of

3 Plaintiff and Dr. Irwin's review of a portion of the record. *See* AR 507. Dr. Irwin diagnosed

4 Plaintiff with major depressive disorder, chronic, recurrent; pain disorder; anxiety disorder, not

5 otherwise specified; and alcohol abuse. AR 510.

6    Dr. Irwin opined Plaintiff is able to perform simple and repetitive tasks, perform detailed

7 and complex tasks, and accept instructions from supervisors. AR 511. Further, Plaintiff is

8 markedly impaired in his ability to interact with coworkers and the public and maintain regular

9 attendance in the workplace. *Id.* Dr. Irwin also found Plaintiff has a severely limited ability to

10 deal with the usual stress encountered in the workplace and complete a normal

11 workday/workweek without interruptions from a psychiatric condition. *Id.* Based on the MSE,

12 Plaintiff's ability to perform work activities on a consistent basis without special or additional

13 instruction is minimally impaired; however, Dr. Irwin opined Plaintiff is markedly impaired in

14 this area according to history. *Id.*

15    The ALJ gave no weight to Dr. Irwin's opinion because the "opinion is based solely on

16 the claimant's subjective statements and, as discussed above, the claimant is not credible." AR

17 43. According to the Ninth Circuit, "[an] ALJ may reject a [ ] physician's opinion if it is based

18 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."

19 *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc.*

20 *Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th

21 Cir. 1989)). This situation is distinguishable from one in which the doctor provides her own

22 observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec.*

23 *Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1  convincing reasons for rejecting an examining physician's opinion by questioning the credibility

2  of the patient's complaints where the doctor does not discredit those complaints and supports his

3  ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152,

4  1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily

5  based on a patient's self-reports than on clinical observations, there is no evidentiary basis for

6  rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528

7  F.3d at 1199-1200).

8       The Court notes "experienced clinicians attend to detail and subtlety in behavior, such as

9  the affect accompanying thought or ideas, the significance of gesture or mannerism, and the

10  unspoken message of conversation. The [MSE] allows the organization, completion and

11  communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric

12  Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination,

13  the [MSE] is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in

14  original).

15       In forming her opinion, Dr. Irwin performed an extensive and thorough MSE, listing a

16  number of results. AR 509-10. Dr. Irwin also reported many of her own observations. *See* AR

17  509. For example, Dr. Irwin observed Plaintiff held his head at an angle and hugged himself

18  throughout the evaluation. *Id.* Plaintiff was polite and cooperative, but had decreased eye

19  contact. *Id.* Dr. Irwin also noted Plaintiff had logical and goal-oriented thought processes, but

20  had excessive storytelling and halting speech. *Id.* Dr. Irwin could not tell if the halting speech

21  was due to psychomotor slowing or if it was secondary to pain. *Id.* Plaintiff also had suicidal

22  ideations. *Id.* Dr. Irwin found Plaintiff's mood to be guarded and his affect restricted. AR 510.

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

1 Dr. Irwin also based her opinion on her assessment of Plaintiff's diagnosed mental impairments

2 and a review of Plaintiff's adult function report and a psychiatric evaluation.

3        Based on a review of the relevant record, the undersigned concludes Dr. Irwin's opinion

4 of Plaintiff's limitations was based on more than Plaintiff's self-reported symptoms. Rather, Dr.

5 Irwin provided a medical source statement based on a portion of the record, Dr. Irwin's

6 observations, the objective results of the MSE, Plaintiff's diagnosed impairments, and Plaintiff's

7 self-reported symptoms. Accordingly, the ALJ's finding is not supported by substantial evidence.

8        The ALJ also gave no weight to Dr. Irwin's opinion because "[t]he longitudinal medical

9 evidence indicates that the claimant is not so severely limited." AR 43. The ALJ, however, has

10 failed to specify anything from the "longitudinal medical evidence" that conflicts with Dr.

11 Irwin's findings regarding Plaintiff's functional limitations. The ALJ provided only a conclusory

12 statement finding the record does not support Dr. Irwin's opinion, which is insufficient to reject

13 the opinion. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of

14 specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d

15 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was

16 contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ

17 felt the treating physician's opinion was flawed").

18        The ALJ incorrectly determined Dr. Irwin's report was based solely on Plaintiff's self-

19 reported symptoms and failed to provide more than a conclusory statement when finding Dr.

20 Irwin's opinion was not supported by the medical evidence. Accordingly, the ALJ erred in her

21 assessment of Dr. Irwin's opinion.

22        The Ninth Circuit has "recognized that harmless error principles apply in the Social

23 Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v.*

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6

1   *Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting

2   cases)). The Ninth Circuit noted "in each case we look at the record as a whole to determine [if]

3   the error alters the outcome of the case." *Id.* The court also noted the Ninth Circuit has "adhered

4   to the general principle that an ALJ's error is harmless where it is 'inconsequential to the

5   ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533

6   F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to

7   follow the rule that courts must review cases "'without regard to errors' that do not affect the

8   parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009)

9   (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

10          Had the ALJ properly considered Dr. Irwin's opinion, she may have included additional

11  limitations in the residual functional capacity ("RFC") and in the hypothetical questions posed to

12  the vocational expert, Marilyn Thomas. The ALJ's ultimate determination regarding disability

13  was based on an incorrectly assessed RFC and the testimony from the vocational expert that was

14  based on the incorrect RFC, and therefore the ALJ's error is not harmless.

15          b.   Dr. Vincent Phillips, M.D.

16          Plaintiff asserts the ALJ also erred by providing legally insufficient reasons for rejecting

17  the opinion of treating physician Dr. Vincent Phillips, M.D. Dkt. 20, pp. 4-9. Dr. Phillips opined

18  Plaintiff was totally disabled and unable to sustain full time work. AR 661. The opinion was

19  based on Plaintiff's chronic back pain and depression. *Id.* Dr. Phillips noted Plaintiff's

20  documented "extensive c-spine disease" is consistent with Plaintiff's pain and neck stiffness. *Id.*

21          The ALJ gave no weight to the opinion of Dr. Phillips because the issue of Plaintiff's

22  ability to sustain employment is reserved to the Commissioner and the opinion is inconsistent

23  with the objective medical evidence. AR 45. The ALJ failed to identify anything from the

24

1  objective medical evidence in conflict with Dr. Phillips's findings. The ALJ provided only a

2  conclusory statement finding the record does not support Dr. Phillips's opinion, which is

3  insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22.

4        Further, it is not clear Dr. Phillips's opinion regarding Plaintiff's ability to work is

5  reserved to the Commissioner. A doctor's opinion stating it is unlikely a claimant could sustain

6  full-time competitive employment may not be a conclusion reserved to the Commissioner;

7  rather, it may be "an assessment based on objective medical evidence of [the claimant's]

8  likelihood of being able to sustain full-time employment given the many medical and mental

9  impairments [the claimant] faces[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (*citing*

10  20 C.F.R. § 404.1527(d)(1)). In this case, Dr. Phillips's opinion appears to be an assessment of

11  Plaintiff's likelihood of being able to sustain full-time employment, and therefore the ALJ's

12  reason for rejecting Dr. Phillips's opinion is not legitimate.

13        As the ALJ failed to provide specific and legitimate reasons supported by substantial

14  evidence to discredit the opinion of Dr. Phillips, the ALJ erred in her assessment of Dr. Phillips's

15  opinion. This error affects the RFC assessment and the vocational expert's testimony, and

16  therefore the ultimate determination regarding disability. Accordingly, the error is not harmless.

17        **(2) Whether the ALJ provided legally insufficient reasons for discrediting Plaintiff's
           subjective complaints.**

18

19        Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

20  reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

21  (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "General findings are

22  insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

23  undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "In weighing a claimant's

24  credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

1  testimony or between his testimony and his conduct, his daily activities, his work record, and

2  testimony from physicians and third parties concerning the nature, severity, and effect of the

3  symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.

4  1997).

5      In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and

6  limiting effects of his symptoms not fully credible, and provided a number of clear and

7  convincing reasons in support. *See* AR 38-43. The ALJ reasonably considered: (1) medical

8  evidence contradicting and/or failing to support the degree of limitation, *Carmickle*, 533 F.3d at

9  1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's

10  subjective testimony.") (*citing Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)); (2)

11  Plaintiff's inconsistent statements, including inconsistent statements regarding marijuana use; (3)

12  Plaintiff's activities of daily living, including riding a bike, washing windows and cleaning out

13  the garage, indicated a greater level of physical capacity than alleged, *Molina*, 674 F.3d at 1112-

14  13; (4) Plaintiff's drug seeking behavior; and (5) Plaintiff's apparent exaggerated demeanor at

15  the ALJ hearing. AR 42-43.

16      Plaintiff challenges some of the ALJ findings, but fails to demonstrate the ALJ's

17  interpretation of the evidence was not rational or otherwise show the ALJ erred. *See* Dkt. 20, pp.

18  11-13. Accordingly, the ALJ need only reconsider Plaintiff's credibility as necessitated by

19  further consideration of the medical opinion evidence from Drs. Irwin and Phillips.

20      **(3) Whether the ALJ improperly assessed Plaintiff's residual functional capacity
        and erred by basing his step five findings on the improper residual functional
21      capacity.**

22      Plaintiff also argues the ALJ erred in her determination of Plaintiff's RFC and in relying

23  on the improper RFC to find Plaintiff was able to perform other jobs found in the national

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 9

1   economy at Step Five. Dkt. 20, p. 13. As the ALJ improperly assessed the opinions of Drs. Irwin

2   and Phillips, the Court concluded the ALJ erred in the RFC assessment and therefore in relying

3   on improper testimony to find Plaintiff not disabled at Step Five. *See* Section 1.a. Accordingly,

4   on remand the ALJ must assess Plaintiff's RFC anew and must reassess her Step Five finding

5   based on the new RFC determination.

6          Although Plaintiff argues in a conclusory manner this matter should be remanded with a

7   direction to award benefits, *see* Dkt. 20, p. 11, the Court concludes it would be inappropriate to

8   do so because it is unclear if the ALJ would be required to find Plaintiff disabled if the

9   improperly discredited evidence was credited as true. *See Garrison v. Colvin*, 759 F.3d 995,

10  1020 (9th Cir. 2014) (*citing Ryan,* 528 F.3d at 1202).

11                                          CONCLUSION

12         Based on the above stated reasons and the relevant record, the undersigned recommends

13  that this matter be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. §

14  405(g) to the Acting Commissioner for further proceedings consistent with this Report and

15  Recommendation. JUDGMENT should be for plaintiff and the case should be closed.

16         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

17  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

18  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

19  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

20  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 15, 2015,

21  as noted in the caption.

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 10

1    Dated this 24th day of April, 2015.

2

3

4                                              David W. Christel
                                               United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11