HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMIAN D. SMITH,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN,<br><br>             Defendant. | CASE NO. C14-5581 RBL<br><br>ORDER ON MOTION FOR EAJA ATTORNEYS FEES<br><br>[DKT. #28] |

THIS MATTER is before the Court on Plaintiff Smith's Motion for Attorneys' fees under the EAJA. [Dkt. #28] Smith sought disability benefits, and the ALJ (and the Commissioner) determined that he was not disabled. Smith filed suit here. This Court remanded the case for further proceedings, concluding that he ALJ had erred in rejecting the medical opinions of Doctors Irwin and Phillips. [Dkt. #24]

Smith seeks fees, costs and, expenses pursuant to The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner argues that her position was substantially justified.

Smith is the prevailing party and is entitled to an award of attorney's fees and expenses unless the United States' position was "substantially justified." 28 U.S.C. § 2412(d)(1). A

1  substantially justified position is one that "a reasonable person could think is correct, that is, if it
2  has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The
3  position does not need to be "justified to a high degree." *Id*. at 565. The fact that Plaintiff
4  prevailed in court "does not raise a presumption that [the government's] position was
5  not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). The Commissioner
6  must be substantially justified both in her litigation position and in the action on which the
7  litigation is based. *Hardisty*, 592 F.3d at 1076-77 (*citing* 28 U.S.C. § 2412(d)(2)(D)).  The
8  government bears the burden of showing that the Commissioner's position was substantially
9  justified.  *Gutierrez*, 274 F.3d at 1258.

10     The Commissioner must show that her position, *"as a whole,"* was substantially justified.
11  *Gutierrez,* 274 F.3d at 1258-59.  This requires two inquiries: "first, whether the government was
12  substantially justified in taking its original action; and, second, whether the government was
13  substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d
14  329, 332 (9th Cir. 1988).

15     Smith argues that the ALj's rejection of two doctors' testimony was not substantially
16  justified:  "the failure to provide specific and legitimate reasons to reject an examining physician's
17  opinion constitutes harmful, reversible legal error. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996).
18  With that error alone necessitating remand, Defendant cannot prove substantial justification." He
19  also argues that even if the litigation position in this court was justified, the ALJ's position was not.
20     The Commissioner argues that while the court rejected the ALJ's resoning and her arguments
21  in defense of that reasoning, the positions were nevertheless substantially justified—in both cases,
22  they had a reasonable basis in fact and law.

The Court agrees that the ALJ's position on Dr. Phillips' testimony ("Smith is disabled") was substantially justified. But Smith is correct that the evaluation of Dr. Irwin's testimony was not, and that failure alone would have supported remand.

The Motion for EAJA fees is GRANTED and the Court will AWARD:

$7314.11 in attorneys' fees;

$27.19 in expenses; and

$29.20 in costs, for a TOTAL of

**$7370.50** under the EAJA.

IT IS SO ORDERED.

Dated this 29th day of December, 2015.

Ronald B. Leighton
United States District Judge